John R. Mellgren (OSB # 114620)
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon 97401
Ph: (541) 359-0990
mellgren@westernlaw.org

Susan Jane Brown (OSB # 054607)
Western Environmental Law Center
4107 NE Couch Street
Portland, Oregon 97232
Ph: (503) 680-5513
brown@westernlaw.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, OREGON WILD, THE SIERRA CLUB, AND GREAT OLD BROADS FOR WILDERNESS,<br><br>              Plaintiffs,<br><br>      vs.<br><br>STACEY FORSON, in her official capacity as Ochoco National Forest Supervisor; and UNITED STATES FOREST SERVICE,<br><br>              Defendants. | Case No. 17-1004<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>(Violations of National Forest Management Act, National Environmental Policy Act, Forest Service regulations, and the Administrative Procedure Act) |

## Introduction

1.      Plaintiffs WildEarth Guardians, Oregon Wild, and the Sierra Club respectfully file this suit challenging the decision of Defendants Stacey Forson and the United States Forest Service (collectively "Forest Service") to approve the construction of new Off-Highway Vehicle ("OHV") trails and establishment of an extensive 137-mile motorized trail system within the Ochoco National Forest as unlawful, and otherwise arbitrary and capricious.

2.      This is a civil action for declaratory and injunctive relief, arising under the under the laws of the United States, including the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 *et seq.*; the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et seq.*; Executive Order 11644 (as amended by Executive Order 11989); Forest Service Travel Management regulations, 36 C.F.R. Part 212; the National Forest Management Act (NFMA), 16 U.S.C. §§ 1600 *et seq.*; and implementing regulations established pursuant to these federal statutes and executive orders.

3.      Plaintiffs seek a declaration that Defendant's authorization of the Ochoco Summit Trail System violated federal law and is otherwise arbitrary and capricious.

4.      Plaintiffs additionally seek injunctive relief to redress the injuries caused by these violations of the law.

5.      Should Plaintiffs prevail, Plaintiffs will seek an award of costs, attorneys' fees, and other expenses under the Equal Access to Justice Act, 22 U.S.C. § 2412.

## Jurisdiction and Venue

6.      This Court has jurisdiction under 28 U.S.C. § 1331. Final agency action exists that is subject to judicial review pursuant to 5 U.S.C. § 704. An actual, justiciable controversy exists

between Plaintiffs and Defendants. The Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 & 2202 and 5 U.S.C. §§ 705 & 706.

7.    Venue in this court is proper under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district. Plaintiffs maintain offices within this judicial district. The lead Defendant's office is located within this judicial district. The administrative records at issue in this litigation were prepared within this judicial district. The public lands and resources affected by the Ochoco Summit Trail System are located within this judicial district.

8.    This case is properly filed in Pendleton, Oregon under Local Rule 3.2. The Forest Service decision challenged in this litigation was made in Prineville, Oregon. Prineville, Oregon is geographically located within Crook County, Oregon. The Forest Service lands at issue in this decision are located in Crook and Wheeler Counties, Oregon.

9.    Plaintiffs have exhausted any and all available and required administrative remedies.

### Parties

10.    Plaintiff WILDEARTH GUARDIANS is suing on behalf of itself and its members. WildEarth Guardians is a non-profit organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. WildEarth Guardians has more than 215,000 members and supporters across the American West, including many who reside in the State of Oregon. WildEarth Guardians maintains an office in Portland, Oregon. WildEarth Guardians has organizational interests in the proper and lawful management of the OHV trail system and its associated impacts on the Ochoco National Forest's wildlife and wild places. WildEarth Guardians' members regularly recreate throughout Oregon,

PAGE 2 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

including in areas of the Ochoco National Forest where the Ochoco Summit Trail System will impact wildlife and wild places. WildEarth Guardians' members recreate in these areas for the purposes of hiking, mountain biking, camping, recreation, bird watching, photography, observing–or attempting to observe–wildlife such as the gray wolf, western bumblebee, Mid-Columbia River steelhead, bull trout, redband trout, elk, Columbia spotted frog, and other recreational and professional pursuits. WildEarth Guardians' members have engaged in these activities in the past, and intend to do so again in the near future. WildEarth Guardians and its members have a procedural interest in ensuring that all Forest Service activities comply with all applicable federal statutes and regulations.

11.     Plaintiff OREGON WILD is suing on behalf of itself and its members. Oregon Wild is a non-profit organization with approximately 20,000 members and supporters throughout the state of Oregon and the Pacific Northwest. Oregon Wild and its members are dedicated to protecting and restoring Oregon's wildlands, wildlife, and waters as an enduring legacy. Oregon Wild members use the Summit Trail System project area for hiking, recreation, observing and attempting to observe wildlife such as gray wolf, western bumblebee, Mid-Columbia River steelhead, bull trout, redband trout, elk, Columbia spotted frog, bird watching, solitude, nature appreciation, and other recreational and professional pursuits. WildEarth Guardians' members have engaged in these activities in the past, and intend to do so again in the near future. WildEarth Guardians and its members have a procedural interest in ensuring that all Forest Service activities comply with all applicable federal statutes and regulations. The interests of Oregon Wild and its members will be irreparably impaired if the

Summit Trail System project is allowed to proceed without compliance with our federal environmental laws.

12.     Plaintiff the SIERRA CLUB is suing on behalf of itself and its members. The Sierra Club is a national nonprofit organization whose mission is to explore, enjoy and protect the wild places of the earth; practice and promote the responsible use of the earth's ecosystems and resources; educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out those objectives. The Sierra Club has 3 million members and supporters, including approximately 20,000 members in Oregon. The Sierra Club's members regularly recreate throughout Oregon, including in areas of the Ochoco National Forest where the Ochoco Summit Trail System will impact wildlife and wild places. The Sierra Club's members recreate in these areas for the purposes of hiking, recreation, bird watching, photography, observing–or attempting to observe– wildlife such as the gray wolf, western bumblebee, Mid-Columbia River steelhead, bull trout, redband trout, elk, Columbia spotted frog, and other recreational and professional pursuits. The Sierra Club's members have engaged in these activities in the past, and intend to do so again in the near future. The Sierra Club and its members have a procedural interest in ensuring that all Forest Service activities comply with all applicable federal statutes and regulations.

13.     Plaintiff GREAT OLD BROADS FOR WILDERNESS (Great Old Broads) is a national grassroots non-profit organization, led by elders, that engages and inspires activism to preserve and protect wilderness and wild lands. Great Old Broads has over 8,000 members and supporters, including three active chapters in Oregon.  It was formed, in part,

PAGE 4 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

to protect the interests of senior populations who value and enjoy roadless areas and want to see these areas protected for future generations of all species.  Throughout the country, Great Old Broads has conducted educational and advocacy activities on the conservation and stewardship of public lands, including monitoring of impacts of illegal motorized use, evaluating rangeland health, working with agencies on stewardship projects, providing comments during public land planning processes, litigating on issues related to land use and cultural resource protection, participating in collaborative public land management efforts, and educating our members and the public about values of wilderness and public lands.  Great Old Broads' members regularly visit public lands in Oregon, including the Ochoco National Forest and areas that would be affected by the Ochoco Summit Trail System.  The members care about these areas for wildlife, ecological, and recreational values, and visit to hike, camp, observe wildlife, mountain bike, ski, photograph, renew spirits, and more.  Great Old Broads has hosted hikes and multi-day campouts in the Ochocos through its "Bitterbrush Broadband" chapter, which is active in the Bend, Oregon area. Great Old Broads' members have participated in these activities in the past and will continue to participate in the future. Great Old Broads brings this action on its own behalf, on behalf of its members, and on behalf of wildlife and the health and productivity of our national forest system.

14.    Plaintiffs' members, staff, and supporters live and recreate in or near areas of the proposed Ochoco Summit Trail System for the purposes of hiking, mountain biking, camping, hunting, fishing, bird watching, observing wildlife such as elk, redband trout, and gray wolves, and other recreational and professional pursuits. Plaintiffs' members and staff

enjoy observing, attempting to observe, and studying wildlife in the wild, including signs of those species' presence in these areas. The opportunity to possibly view gray wolves, elk, redband trout, and other species, or their sign, in these areas is of significant interest and value to Plaintiffs' members and staff, and increases the use and enjoyment of public lands. Plaintiffs' members, staff, and supporters have engaged in these activities in the past, and intend to do so again in the near future. Plaintiffs' members live in close proximity to the Ochoco Summit Trail System project area and are therefore able to recreate in that area on a regular basis without prior notice.

15.     Plaintiffs' members, staff, and supporters derive aesthetic, recreational, scientific, inspirational, educational, and other benefits from recreating in and around the Ochoco Summit Trail System project area. In furtherance of these interests, Plaintiffs' members, staff, and supporters have worked, and continue to work, to conserve wildlife, water, and other natural resources of the Ochoco National Forest. These interests will be impaired and harmed by the Forest Service's implementation of the Summit Trail System project.

16.     Plaintiffs' members, staff, and supporters have a procedural interest in ensuring that all Forest Service activities comply with all applicable federal statutes and regulations. Plaintiffs have worked to reform Forest Service activities throughout the United States, including in Oregon. Plaintiffs and their members, staff, and supporters have an interest in preventing the Forest Service from being involved in unsupported, uninformed, and unlawful decision-making.

17.     The interests of Plaintiffs' members, staff, and supporters have been injured by the Forest Service's actions challenged in this Complaint. The interests of Plaintiffs' members,

staff, and supporters have been, and will continue to be, injured by the Forest Service's

unlawful approval of the Ochoco Summit Trail System. The interests of Plaintiffs' members,

staff, and supporters have been, and will continue to be, injured by the Forest Service's

failure to comply with the National Environmental Policy Act ("NEPA"), National Forest

Management Act ("NFMA"), and the Forest Service's Travel Management Rule and

regulations.

18.     Because of the injury to their interests in the Ochoco National Forest–and specifically

the Summit Trail System project area–and its natural resources, Plaintiffs' members, staff,

and supporters will curtail their use of the Summit Trail System project area should the

Summit Trail System be constructed.

19.     The relief requested by Plaintiffs in this complaint would redress and/or lessen the

injuries of Plaintiffs' members, staff, and supporters. The relief requested by Plaintiffs, if

granted, would prevent the Forest Service from constructing the Ochoco Summit Trail

System until, and unless, it complies with federal law. The relief requested by Plaintiffs, if

granted, could reduce the harm to public lands, water, and wildlife of the Ochoco National

Forest.

20.     Plaintiffs' interests, and those of their members and supporters, have been, are being,

and unless the requested relief is granted, will continue to be harmed by the Forest Service's

actions and/or inactions challenged in this complaint. If this Court issues the relief

requested, the harm to Plaintiffs' interests, and those of their members and supporters, will

be alleviated and/or lessened.

21.    Defendant STACEY FORSON is named in her official capacity as the Forest Supervisor for the Ochoco National Forest. As the Ochoco National Forest Supervisor, Ms. Forson is the federal official with responsibility for all Forest Service officials' actions and inactions challenged in this complaint.

22.    Defendant UNITED STATES FOREST SERVICE is an agency of the United States and is a division of the United States Department of Agriculture. The Forest Service is responsible for implementing NEPA, NFMA, their implementing regulations, Executive Order 11644 as amended, and the Travel Management Rule's regulatory requirements for projects on national forests.

## FACTS

23.    The Ochoco Summit Trail System project area is located within the Ochoco National Forest. The Summit Trail System project area spans approximately 301,580 aces. The Summit Trail System project proposes to establish a 137-mile trail system. The Summit Trail System would be open to motorized vehicle use during certain times of year. 142,432 acres of the Summit Trail System project area would be within 200 meters of an open road or motorized trail after implementation of the project is complete.

24.    In 2009, the Forest Service initiated travel management planning for the Ochoco National Forest. In 2011, the Ochoco National Forest completed travel management planning under Subpart B of the 2005 Travel Management Rule.

25.    The 2011 Ochoco National Forest travel management decision under Subpart B of the 2005 Travel Management Rule designated 647 miles of routes on the Ochoco National Forest for OHV use.

26.     One purpose of the 2005 Travel Management Rule was to limit unregulated motorized use and prevent adverse impacts on natural resources from unregulated motorized use.

27.     In March 2014, the Forest Service released the final EIS and draft Record of Decision ("ROD") for the Ochoco Summit Trail System project. The Responsible Official withdrew the final EIS and draft ROD in 2014 due to the Bailey Butte Fire. The Bailey Butte Fire burned the project area and created significantly different conditions than were previously analyzed.

28.     In September 2016, the Forest Service released a Supplemental Final Environmental Impact Statement ("SFEIS") for the Summit Trail System project.

29.     In November 2016, Plaintiffs submitted an Objection to the Forest Service related to the Summit Trail System. Plaintiffs participated in an objection resolution meeting with the Forest Service.

30.     In June 2017, the Forest Service released the final ROD for the Ochoco Summit Trail System. The Forest Service adopted Alternative 5, with modifications.

31.     The final ROD designated 137 miles of OHV trails within the project area. These trails would be authorized for use by motorized vehicles from June 1 to September 30 with some minor exceptions due to the opening of deer rifle hunting season.

32.     The Ochoco National Forest contains the Ochoco Mountains and has been described as a secluded mecca for wildlife in central Oregon. The Ochoco Mountains offer magnificent geologic formations, some rising over a vertical mile above breathtaking

wildflower meadows. Some of the most impressive stands of old growth ponderosa pine in Oregon live in the Ochoco National Forest.

33.    The Ochoco Summit Trail System will adversely impact old growth management areas on the Ochoco National Forest. The Ochoco Summit Trail System will adversely impact scablands on the Ochoco National Forest.

34.    Old growth stands are important habitat for many species on the Ochoco National Forest. Old growth management areas are afforded special protection in the Ochoco National Forest Plan. The Ochoco Summit Trail System project authorizes new trails through Old Growth Management areas.

35.    Scablands are one of the most fragile ecosystems on the Ochoco National Forest. Scablands are afforded extra protection in the Ochoco National Forest Plan due to their sensitive nature. The Ochoco Summit Trail System project authorizes new trails through scablands.

36.    The Ochoco National Forest contains vast stretches of scablands. The Summit Trail System project area contains approximately 57,354 acres of scabland. Scablands are susceptible to detrimental puddling and postholing by vehicles. Damage to scablands is nearly impossible to mitigate. Scablands have very shallow soils. Scabland soils are subject to severe water saturation and frost heaving during winter. The characteristics of scabland soils make revegetation on scablands virtually impossible.

37.    The natural features of the Ochoco National Forest provide for an area with some of the richest ecological diversity in Oregon. Over 400 species of wildlife call the Ochoco

PAGE 10 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

home. Many species depend on the Ochoco National Forest as a critically important wildlife corridor between the Cascade and Blue Mountains.

38.     The Forest Service has identified OHV use as a growing threat to National Forests. OHV use adversely impacts the natural environment.

39.     Motorized OHV use can damage soils. Motorized OHV use can damage vegetation. Motorized OHV use can impact wildlife. Motorized OHV use can impact wildlife habitat. Motorized OHV use can increase the spread of invasive weeds. Motorized OHV use can degrade water quality. Motorized OHV use can degrade riparian habitat.

40.     Motorized OHV use can interfere with non-motorized recreational users of the Ochoco National Forest.

41.     The Ochoco National Forest provides habitat for elk. The Ochoco National Forest provides habitat for mule deer. The Ochoco National Forest provides habitat for other types of big game.

42.     The Summit Trail System project would establish 21.1 miles of motorized designated routes within crucial winter range for elk. This represents a reduction in 3,376 acres of crucial winter range for elk in the project area. The entire Summit Trail System project area is summer range for elk.

43.     The Summit Trail System project would establish 69 miles of motorized designated routes within elk calving habitat. The Summit Trail System project would impact 11,040 acres of elk calving habitat. The Summit Trail System authorizes motorized vehicle use in elk calving habitat. The Summit Trail System project authorizes motorized vehicle use during elk calving season.

PAGE 11 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

44.    The Summit Trail System project would reduce available elk security habitat in the project area by 5,233 acres. This represents a more than 10% reduction in the total amount of elk security habitat within the project area. The Deep Creek 5th field watershed would see a more than 50% reduction in elk security habitat blocks that are more than 250 acres in size.

45.    The Summit Trail System project would establish 69 miles of motorized designated routes within deer fawning habitat.

46.    The Ochoco Summit Trail System project will adversely impact big game. The Ochoco Summit Trail System will adversely impact Mule Deer. The Ochoco Summit Trail System will adversely impact Rocky Mountain Elk.

47.    The Summit Trail System will affect fawning areas for both deer and elk species. The Summit Trail System will affect calving areas for both deer and elk species. The Summit Trail System will create disturbances to elk and mule deer habitat that will likely drive the big game onto private property.

48.    The Ochoco National Forest Land and Resource Management Plan ("ONF LRMP" or "Forest Plan") states the Forest must protect elk calving sites and minimize human disturbance during the calving season.

49.    The elk calving season runs from approximately May 15 to June 30. Motorized use on the Ochoco Summit Trail System project is authorized during elk calving season.

50.    The Ochoco National Forest Plan states the Forest must protect elk wallows during rutting season. Rutting season runs from September 1 to October 15. Motorized use on the Ochoco Summit Trail System project is authorized during rutting season.

51.    The Ochoco Summit Trail System will increase road density in deer and elk habitat. The Summit Trail System will alter the distribution of the deer and elk populations. The Summit Trail System will lead to big game population dispersal onto private property. This dispersal will impact both citizens who legally hunt deer and the gray wolf population that depends on elk and deer as prey.

52.    The gray wolf is a federally listed species under the Endangered Species Act ("ESA") in parts of the United States. Gray wolves occurring on the Ochoco National Forest are listed as endangered under the federal ESA. Gray wolves are known to occur on the Ochoco National Forest. Gray wolves are known to occur in the Summit Trail System project area.

53.    Individual gray wolves have travelled through the Ochoco National Forest in the past. Individual gray wolves have travelled through the Summit Trail System project area in the past.

54.    The Oregon Department of Fish and Wildlife has documented radio-collared wolves that dispersed from northeastern Oregon to the Ochoco National Forest. The Oregon Department of Fish and Wildlife has documented collared wolves that dispersed from northeastern Oregon within the Summit Trail System project area.

55.    It is likely that gray wolves will pass through the Ochoco National Forest in the future. It is likely that gray wolves will pass through the Summit Trail System project area in the future.

56.    The Forest Service determined that the Summit Trail System project would have no effect on gray wolves.

57.    The Summit Trail System project will have an effect on gray wolves.

PAGE 13 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

58.     Gray wolves avoid areas with motorized vehicle activity. Gray wolves avoid areas with concentrated human activity. Gray wolves are disturbed by human activity near den sites. Gray wolves are disturbed by human activity near rendezvous sites.

59.     The Summit Trail System project will prevent gray wolves from using otherwise suitable wolf habitat within the project area. The Summit Trail System project could preclude gray wolves from establishing packs on the Ochoco National Forest.

60.     The Summit Trail System will disturb habitat for the gray wolf. The Summit Trail System will disburse elk and deer populations onto private lands, and therefore also force the gray wolf population onto private land in search of prey. The habitat disturbance and potential confrontation with private landowners will adversely impact the gray wolf population.

61.     The Forest Service's no effect determination for gray wolves related to the Summit Trail System is arbitrary and capricious.

62.     The Ochoco National Forest contains western bumblebees. The Ochoco National Forest contains western bumblebee habitat. The Summit Trail System project would impact western bumblebees. The Summit Trail System would impact western bumblebee habitat.

63.     The Ochoco National Forest contains Johnson's Hairstreak. The Johnson's Hairstreak is a sensitive butterfly species endemic to central and northeastern Oregon. The Johnson's Hairstreak depends on ponderosa pine stands for habitat. The Summit Trail System project would impact Johnson's Hairstreak.

64.     The headwaters and tributaries of the North Fork Crooked River and Deschutes Rivers provide habitat for various aquatic species. Highly sensitive and genetically isolated

aquatic species, such as the redband trout, inhabit the Wild and Scenic North Fork Crooked River.

65.     Bull trout and Mid-Columbia River steelhead depend on the waters of the Ochoco National Forest for survival. Amphibians, such as the Columbia Spotted frog, inhabit the rivers, lakes, and streams and their surrounding riparian areas.

66.     The Summit Trail System project would impact bull trout. The Summit Trail System project would impact Mid-Columbia River steelhead.

67.     The redband trout is an imperiled species. Redband trout face a variety of threats on the Ochoco National Forest. The Summit Trail System Project will adversely affect redband trout.

68.     The additional miles of authorized OHV trails that are part of the Summit Trail System will increase trail density. The increased trail density will damage water quality and aquatic species within the designated watershed and subwatersheds.

69.     Many subwatershed ratings within the project area are already in "poor condition." The fish density trends of most designated subwatersheds in the project area are "declining" before implementation of the Summit Trail System. The Ochoco National Forest contains multiple waterways listed as "impaired" under section 303(d) of the Clean Water Act.

70.     The ROD authorizes 137 miles of new trail, including 79 new stream, creek, or wetland crossings, 71 of which are in Riparian Habitat Conservation areas. The crossings will add sediment to the steam, which in turn, will adversely impact turbidity and temperature. The crossings will fragment aquatic habitat and damage riparian vegetation and soils. The trails will channel and increase runoff. The increased runoff will impact peak flows as well as

increase turbidity. The increased miles of trail and density will jeopardize the water quality and habitat of aquatic species in the designated area.

71.     The Ochoco Summit Trail System will adversely impact the Crooked River redband trout, already listed in Oregon as a sensitive species.

72.     The redband trout is a sensitive species on the Ochoco National Forest. Redband trout in the Crooked River basin already face high habitat fragmentation. Redband trout are already poorly distributed and in low abundance.

73.     The 2011 Travel Management decision acknowledged that the redband trout population habitat was already suffering from poorly designed road crossings. The 2011 Travel Management decision acknowledges that the Ochoco National Forest's redband trout population deserved protection.

74.     The Summit Trail System will further stress redband trout. The Summit Trail System will cause additional damage to redband trout habitat. The Summit Trail System will increase redband trout habitat fragmentation.

75.     The Summit Trail System will impact habitat for the Mid-Columbia River steelhead. The Summit Trail System will impact habitat for the Columbia spotted frog.

76.     The Ochoco Summit Trail System will increase conflicts between motorized recreationists and non-motorized recreationists within the project area.

77.     The increased density of OHVs and the associated increased noise will deter other individuals–including Plaintiffs' members, staff, and supporters–who visited the forest to enjoy the peaceful surroundings of an undisturbed ecosystem. The motorized trails will jeopardize the quiet enjoyment of equestrian riders and cause them to avoid already

established equestrian trails in proximity to prosed motorized trails. By proposing the motorized trail system, the Forest Service is placing the ecosystems of the proposed area at risk as well as creating conflict among other users without justifying a legitimate need for more miles and increased density of motorized trails.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF THE NATIONAL FOREST MANAGEMENT ACT AND ITS**
**IMPLEMENTING REGULATIONS**

**INCONSISTENCY WITH OCHOCO FOREST PLAN**

78.     Plaintiffs incorporate by reference all preceding paragraphs.

79.     The Summit Trail System project ROD and SFEIS violate NFMA because they do not comply with the Ochoco National Forest Plan ("ONF LRMP").

80.     The National Forest Management Act ("NFMA") requires the Forest Service to develop and follow Land and Resource Management Plans ("Forest Plans") for each National Forest. 16 U.S.C. §§ 1604(a), (e), & (g)(3)(b). The National Forest Management Act and its implementing regulations require that all management actions, including specific projects, approved by the Forest Service be consistent with the applicable Forest Plans. 16 U.S.C. § 1604(i); 36 C.F.R. § 219.10(e).

81.     The Forest Service violated NFMA and its implementing regulations by approving a project that is inconsistent with the Ochoco National Forest Plan.

82.     The Ochoco Summit Trail system project is inconsistent with the ONF LRMP standards and guidelines for Rocky Mountain Elk and Mule Deer habitat. The ONF LRMP sets forth standard and guidelines for Rocky Mountain Elk and Mule Deer. The standards and guidelines require the Forest Service to "minimize disturbance from human activity

during calving season (approximately May 15 to June 30). Also protect wallows during rutting season (September 1 to October 15)." ONF LRMP at 4-246. The Forest Service failed to implement these standards and guidelines by authorizing OHV motorized trail use in Rocky Mountain Elk and Mule Deer habitat from June 1 to September 30.

83.    The Forest Service failed to comply with the road density standards and guidelines required by the Ochoco National Forest LRMP. For example, but not limited to:

a.    The Ochoco National Forest LRMP requires roads and trails to be at the lowest density that meets long-term resource needs. ONF LRMP at 224. The Ochoco National Forest LRMP requires OHV use to be encouraged "only on roads where all standard vehicle use has been eliminated or on roads which have no current or planned future use, where appropriate with other resources." *Id.* at 4-225. The Forest Service failed to comply with its road density standards and guidelines by increasing road density standards to the point where they will no longer meet long-term resource needs. The Forest Service failed to comply with its road density standards by re-opening 48.8 miles of roads that had previously been decommissioned or closed. The Summit Trail System will increase road/trail density in the project area. The Summit Trail System will increase stream-crossing density in the project area.

b.    The Ochoco National Forest LRMP requires road density standards for roads crossing a riparian area not to alter the stream or groundwater flow characteristics to a degree that will impact riparian characteristics. *Id.* The transportation system is to be designed to minimize the number of stream

crossings. *Id.* at 4-226. The Forest Service authorized motorized trails on 79 new stream crossings for the Summit Trail System project. The Forest Service authorized the re-opening of roads that had been decommissioned for water quality and wildlife protection.

c.      The Summit Trail System project conflicts with the Ochoco National Forest Plan's road density standards and guidelines. The Summit Trail System project conflicts with the Ochoco National Forest Plan's stream crossings standards and guidelines.

84.     The Forest Service failed to comply with the Recreation Opportunity Spectrum ("ROS") set forth in the Ochoco National Forest LMRP. The ONF LRMP provides that the ROS is a forest-wide standard and guideline and that different categories in the spectrum are to be applied to different management areas. ONF LMRP at 4-178. The Forest Service failed to comply with the ROS by approving the motorized trail use in 359 acres of semi-primitive non-motorized designated areas that will be within a noiseband of greater than 45 db.

85.     The Forest Service failed to comply with the ONF LMRP standards and guidelines for recreation impacts on riparian habitat. The ONF LRMP provides that recreational activities will be managed to prevent site deterioration within riparian areas. ONF LRMP at 4-177. Despite acknowledging that riparian areas will be negatively impacted by OHV use, including sediment delivery from stream crossings, the Forest Service approved a motorized trail system with over 79 stream crossings. SFEIS at 49,117.

86.     The Forest Service failed to comply with the standards and guidelines for both Old Growth and Scabland areas.  The ONF LRMP requires construction of new roads in

PAGE 19 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

scablands and old growth be avoided. *Id.* at 4-188. The Forest Service approved construction of trails in both old growth and scabland areas.

87.     The Forest Service violated the National Forest Management Act and its implementing regulations by approving a project that is inconsistent with the Ochoco National Forest Land and Resource Management Plan, and as a result is arbitrary, capricious, an abuse of discretion, and not in accordance with the law and procedures required by law. 5 U.S.C. § 706(2)(A).

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF THE TRAVEL MANAGEMENT RULE AND EXECUTIVE ORDER 11644 AS AMENDED**

**FAILURE TO CONSIDER AND COMPLY WITH THE TRAVEL MANAGEMENT RULE AND EXECUTIVE ORDER 11644'S MINIMIZATION CRITERIA**

88.     Plaintiffs incorporate by reference all preceding paragraphs.

89.     The Summit Trail System project ROD and SFEIS violate the 2005 Travel Management Rule and Executive Order 11644, as amended, because they fail to demonstrate implementation of and compliance with the Travel Management Rule's "minimization criteria."

90.     Executive Order 11644, as amended by Executive Order 11989, obligates the Forest Service to develop travel management regulations to limit OHV use only to designated trails for "the protection of the resources of the public lands, promotion of the safety of all users of those lands, and minimization of conflicts among various uses of those lands."

91.     Executive Order 11644 obligates the Forest Service to promulgate rules requiring it to locate motorized routes to (1) minimize damage to soil, watershed, vegetation, or other

resources of public lands; (2) minimize harassment of wildlife or significant disruption of wildlife habitats; and (3) minimize conflicts between off-road vehicle use and other recreational uses.

92.     The Forest Service promulgated the Travel Management Rule in 2005 implementing the requirements of Executive Order 11644 as amended.

93.     The Travel Management Rule states general and specific criteria the Forest Service must consider and apply when designating roads, trails, and areas for motor vehicle use on National Forests with the objective of minimizing damage to forest resources, harassment of wildlife, disruption of wildlife habitat, and conflicts with other recreational uses. 36 C.F.R. § 212.55.

94.     General criteria must be considered and applied for the designation of roads, trails, and areas for motor vehicle use include effects on natural and cultural resources, public safety, provision of recreational opportunities, access needs, conflicts among users of the Forest, and the availability of resources for necessary administration and maintenance. 36 C.F.R. § 212.55(a).

95.     Specific criteria must be considered and applied in designating trails and areas for motor vehicle use, with the objective of minimizing, include damage to soil, watersheds, vegetation, and other forest resources; harassment of wildlife and significant disruption of wildlife habitats; and conflicts between motor vehicle use and existing or proposed recreational uses of the Forest. 36 C.F.R. § 212.55(b). These specific criteria are referred to as the "minimization criteria." The Forest Service must not just consider these minimization criteria, but must affirmatively demonstrate how it evaluated and applied the minimization

criteria in any decision designating trails and areas for motor vehicle use with the objective of minimizing impacts and conflicts.

96.     The Summit Trail System project must comply with the Travel Management Rule and Executive Order 11644's requirements by demonstrating how it applied the minimization criteria with the objective of minimizing impacts and conflicts when it designated 137 miles of trail for OHV use. The Forest Service did not consider or apply the minimization criteria in locating motorized trails as part of the Summit Trail System project.

97.     The Forest Service did not minimize damage to soils, watersheds, vegetation and other natural resources in developing the Summit Trail System.

98.     The Forest Service did not minimize harassment of wildlife and significant disruption of wildlife habitat in developing the Summit Trail System.

99.     The Forest Service did not minimize conflicts amongst different types of forest users–including between motorized and non-motorized recreationists–in developing the Summit Trail System.

100.     The Forest Service's Summit Trail System decision failed to demonstrate implementation of the "minimization criteria" required by the 2005 Travel Management Rule and Executive Order 11644 as amended, and as a result is arbitrary and capricious, an abuse of discretion, and not in accordance with the law. 36 C.F.R. § 212.55(b); 5 U.S.C. § 706(2)(A).

//

//

//

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF THE NATIONAL ENVIRONMENTAL POLICY ACT**

**FAILURE TO TAKE A "HARD LOOK" AT THE DIRECT, INDIRECT, AND**
**CUMULATIVE IMPACTS OF THE SUMMIT TRAIL SYSTEM PROJECT**

101.   Plaintiffs incorporate by reference all preceding paragraphs.

102.   The Summit Trail System project violates NEPA because the ROD and SFEIS faile to take a hard look at the direct, indirect, and cumulative impacts of the Forest Service's proposed actions.

103.   The regulations implementing NEPA require the Forest Service to disclose and analyze the environmental effects of the proposed action and alternatives to it. 40 C.F.R. § 1500.1(b). Specifically, the regulation explains that "NEPA procedures must insure that environmental information is available to public officials and citizens before decisions are made and before actions are taken. The information must be of high quality. Accurate scientific analysis, expert agency comments, and public scrutiny are essential to implementing NEPA." *Id.*

104.   The Forest Service is required to disclose and analyze the direct, indirect, and cumulative effects of the proposed action on the environment. 40 C.F.R. §§ 1502.16, 1508.7, 1508.8, 1508.25(c)(3), 1508.27(b)(7).

105.   When analyzing cumulative effects, the Forest Service must analyze the effects on the environment resulting from the incremental impacts of the action, and its alternatives, when added to other past, present, and reasonably foreseeable future actions. 40 C.F.R.§ 1508.7.

106.   To satisfy the requirements of the NEPA regulations, the Forest Service must take a "hard look" at the impacts resulting from the proposed action.

107.   The Forest service failed to take the requisite "hard look" at the direct, indirect, and cumulative impacts likely to result from the Summit Trail System project on the Ochoco National Forest.

108.   The Forest Service failed to provide the necessary baseline data required to evaluate the environmental impacts of the proposed action. For example, but not limited to:

  a.   The Forest Service failed to disclose accurate baseline data about the roads within the project area. The Forest Service claims new OHV routes would be "primarily on existing disturbances." However, the SFEIS fails to differentiate whether existing routes are open system roads, closed system roads, or non-system roads.

  b.   The Forest Service failed to complete a baseline assessment of sediment impacts in the project area. The Forest Service provided no quantitative estimates, no measure of background levels, and no assessment of runoff potential associated with summer thunderstorms.

  c.   The Forest Service failed to disclose accurate baseline data about elk and elk habitat within the project area.

109.   The Forest Service failed to take a hard look at the impacts of the Summit Trail System project on gray wolves, gray wolf habitat, and gray wolf prey.

110.   The Forest Service failed to take a hard look at the cumulative impacts of the Summit Trail System project and other projects and activities that have occurred, are occurring, or will occur on or near the project area. For Example, but not limited to:

    a.      The Forest Service failed to take a hard look at the cumulative impacts from grazing on streams, sediment delivery, and vegetation.

    b.      The Forest Service failed to take a hard look at the cumulative impacts from the proposed Blue Mountains Resiliency Project, which will impact 120,000 acres of the Ochoco National Forest.

    c.      The Forest Service failed to take a hard look at the direct, indirect, and cumulative impacts from unauthorized OHV use.

111.   The Forest Service failed to take the requisite hard look at the direct, indirect, and cumulative effects of the Ochoco Summit Trail System project as required by NEPA, which is arbitrary, capricious, and not in accordance with the APA. 5 U.S.C. § 706(2)(A).

## PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

1.      Declare that Forest Service violated the National Environmental Policy Act, its implementing regulations, and the Administrative Procedure Act in developing, analyzing, and authorizing the Ochoco Summit Trail System project;

2.      Declare that Forest Service violated the National Forest Management Act, its implementing regulations, and the Administrative Procedure Act in developing, analyzing, and authorizing the Ochoco Summit Trail System project;

3.      Declare that Forest Service violated the Forest Service Travel Management Rule, its implementing regulations, Executive Order 11644 as amended, and the Administrative Procedure Act in developing, analyzing, and authorizing the Ochoco Summit Trail System project;

4.    Vacate the Ochoco Summit Trail System Project Record of Decision and

Environmental Impact Statement and remand to the agency for additional consideration;

5.    Enjoin the Forest Service and its agents from proceeding with the Summit Trail

System project unless and until the violations of federal law set forth herein have been

corrected to the satisfaction of this Court;

6.    Award Plaintiffs their costs of suit and attorneys' fees; and

7.    Grant Plaintiffs such other and further relief as the Court deems just and equitable.

Respectfully submitted and dated this 28th day of June, 2017.

/s/ John R. Mellgren
John R. Mellgren (OSB # 114620)
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon 97401
Ph: (541) 359-0990
mellgren@westernlaw.org

Susan Jane Brown (OSB # 054607)
Western Environmental Law Center
4107 NE Couch Street
Portland, Oregon 97232
Ph: (503) 680-5513
brown@westernlaw.org

Attorneys for Plaintiffs