IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, OREGON WILD, THE SIERRA CLUB, and GREAT OLD BROADS FOR WILDERNESS,<br><br>Plaintiffs,<br><br>v.<br><br>STACEY FORSON, in her official capacity as Ochoco National Forest Supervisor; and UNITED STATES FOREST SERVICE,<br><br>Defendants. | Case No. 2:17-cv-01004-SU<br>(Lead Case) |
| CENTRAL OREGON LANDWATCH, an Oregon nonprofit corporation,<br><br>Plaintiff,<br><br>v. | Case No. 2:17-cv-01091-SU<br>(Member Case) |

STACEY L. FORSON, in her official
capacity as Ochoco National Forest
Supervisor; JAMES M. PEÑA, in his
official capacity as Regional Forester for
Region 6 of the United States Forest
Service; and UNITED STATES FOREST
SERVICE, a federal agency of the United
States Department of Agriculture,

        Defendants.

---

OREGON HUNTERS ASSOCIATION, an
Oregon nonprofit corporation,

        Plaintiff,

   v.

UNITED STATES FOREST SERVICE, an
agency of the United States Department of
Agriculture; and STACY FORSON, Ochoco
National Forest Supervisor, in her official
capacity,

        Defendants.

   and

OCHOCO TRAIL RIDERS, OREGON
MOTORCYCLE RIDERS ASSOCIATION,
PACIFIC NORTHWEST 4 WHEEL DRIVE
ASSOCIATION, DESCUTES COUNTY 4
WHEELERS, and THE BLUERIBBON
COALITION,

        Defendant-Intervenor-
        Applicants.

Case No. 2:17-cv-01366-SU
(Member Case)

**OPINION
AND ORDER**

SULLIVAN, United States Magistrate Judge:

In the above-captioned, consolidated actions, plaintiffs challenge the Ochoco Summit Trail System Project in the Ochoco National Forest. Intervenor-applicants Ochoco Trail Riders, Oregon Motorcycle Riders Association, Pacific Northwest 4 Wheel Drive Association, Deschutes County 4 Wheelers, and the BlueRibbon Coalition ("intervenor-applicants") move to intervene as defendant-intervenors. (Docket No. 28). The existing parties do not oppose intervention, subject to certain conditions. *Id.*, at 1-2. For the following reasons, the Court GRANTS intervenor-applicants' Motion to Intervene subject the parties' agreed conditions.

## BACKGROUND

This action concerns the decision of defendants Stacey Forson and the U.S. Forest Service to approve new off-highway vehicle trails and a 137-mile motorized trail system in the Ochoco National Forest in Central Oregon. Am. Compl. ¶ 1 (Docket No. 24).[1] Plaintiffs allege that the Project will harm the Forest's wildlife, vegetative, water, and other natural resources by allowing motorized vehicle traffic. *Id.* ¶ 15. Plaintiffs are environmental non-profit and community organizations. *Id.* ¶¶ 10-13. They seek declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*; the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*; Executive Order 11644 (as amended by Executive Order 11989); Forest Service Travel Management regulations, 36 C.F.R. Part 212; the National Forest Management Act, 16 U.S.C. § 1600 *et seq.*; and implementing regulations. Am. Compl. ¶ 2.

Intervenor-applicants are non-profit corporations, public benefit corporations, and/or volunteer organizations of recreational motor vehicle rider enthusiasts, including off-road motorcycles, Jeeps and four-wheel drive vehicles, and all-terrain vehicles. Worley Decl. ¶¶ 1-3

---

[1] In this Opinion and Order, docket citations are to the lead case, No. 2:17-cv-1004-SU.

(Docket No. 28-1); Drake Decl. ¶¶ 1-3 (Docket No. 28-2); Ulrich Decl. ¶¶ 1-3 (Docket No. 28-3); Amador Decl. ¶¶ 1-3 (Docket No. 28-4). Intervenor-applicants seek to intervene to represent their interests in access to Forest Service lands through the Summit Trail System Project.

Per intervenor-applicants' certification, the existing parties do not oppose intervention, subject to these conditions:

> (1) Defendant-Intervenor-Applicants will not seek discovery in this proceeding or introduce materials outside the administrative record on the merits of Plaintiffs' claims;
> (2) Defendant-Intervenor-Applicants will not assert claims against Plaintiffs or Federal Defendants in this proceeding;
> (3) Defendant-Intervenor-Applicants will confine their arguments to the issues raised in Plaintiffs' complaints and will avoid collateral arguments; and
> (4) Defendant-Intervenor-Applicants will not repeat arguments raised by Federal Defendants.

Mot. Intervene, at 2-3 (Docket No. 28). Intervenor-applicants agree to the conditions. *Id.*, at 3.

## LEGAL STANDARD

Fed. R. Civ. P. 24(a)(2) allows intervention of right by "anyone" who, "[o]n timely motion," "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This creates a four-part test for intervention of right: (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the subject property or transaction; (3) the applicant's ability to protect that interest would, absent intervention, be impaired by disposition of the matter; and (4) the existing parties do not adequately represent applicant's interests. *County of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

As to factor one, timeliness, "three factors are weighed: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for

and length of the delay." *Id.* As to factor two, an interest in the property or transaction, this "is a practical, threshold inquiry." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). "No specific legal or equitable interest need be established. It is generally enough that the interest asserted is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id.* (alteration, quotation, and citations omitted). "An applicant demonstrates a 'significantly protectable interest' when the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests." *Id.* (quotation omitted). As to factor three, impairment of interest, "'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Id.* at 822 (alteration omitted) (quoting Fed. R. Civ. P. 24 Advisory Comm. Notes). As to factor four, no adequate representation of interest, the "applicant-intervenor's burden . . . is minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995) (emphasis in original), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

> A non-party is adequately represented by existing parties if: (1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect.

*Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998).

## ANALYSIS

Intervenor-applicants have made a sufficient showing as to each element of the test for intervention of right:

1. Timeliness: Intervenor-applicants' Motion is timely. This action was commenced June 28, 2017. (Docket No. 1). Intervenor-applicants initially moved to intervene only three months later, on September 28, 2017. (Docket No. 11). The same day, defendants moved to consolidate the three actions, which the Court granted on October 2, 2017. (Docket Nos. 10, 19). Because of this change in procedural posture, the likelihood that plaintiffs would file amended complaints, and discussions between the parties regarding intervention, intervenor-applicants withdrew their pending Motion to Intervene on October 9, 2017 (Docket No. 22), and renewed it in the consolidated action on October 30, 2017 (Docket No. 28). By refiling the Motion, unopposed and subject to agreed conditions in the consolidated actions, intervenor-applicants streamlined consideration of the Motion and simplified intervention. The matter is at an early stage. No prejudice from intervention has been shown. There has been no apparent delay.

2. Interest: Intervenor-applicants have relevant interests in the Summit Trail System Project. They have recreational and aesthetic interests in the Ochoco National Forest, specifically in using the roads and trails of the Project for off-road vehicle riding. Worley Decl. ¶¶ 3-5 (Docket No. 28-1); Drake Decl. ¶¶ 3-5 (Docket No. 28-2); Ulrich Decl. ¶¶ 3-5 (Docket No. 28-3); Amador Decl. ¶¶ 3-5 (Docket No. 28-4). Intervenor-applicants seek to affirm the Project decision, and further vehicle access in the Forest, whereas plaintiffs' action seeks to enjoin the Project. These interests are legally protected, and an injunction against the Project would immediately impact them. *See Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000) (holding that recreational and aesthetic interests are legally protectable and sufficient to confer organizational standing in environmental action).

3. Impairment of Interest: Determination of this matter could substantially impact intervenor-applicants' interests. If plaintiffs prevail in challenging the Summit Trail System

Project, vacatur of the agency decision and injunctive relief could include restrictions on vehicle access. *See* Am. Compl., at 29 ¶ 5. This could substantially impact the recreational and aesthetic interests described above. *See Forest Conservation Council*, 66 F.3d at 1498 (holding that intervenors' ability to protect their interests would be impaired because, if they were "not made a party to th[e] action, they [would] have no legal means to challenge" the requested injunction).

<u>4. No Adequate Representation</u>: The existing parties may not adequately represent intervenor-applicants' interests. The Forest Service represents the broad public interest, and may not represent the specific recreational and aesthetic interests of intervenor-applicants. *See* Worley Decl. ¶ 8 (Docket No. 28-1); Drake Decl. ¶ 8 (Docket No. 28-2); Ulrich Decl. ¶ 8 (Docket No. 28-3); Amador Decl. ¶ 9 (Docket No. 28-4); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011). Because of these distinct interests, it has not been shown that the existing parties will undoubtedly make all of intervenor-applicants' arguments: it is not clear that the parties are capable of and willing to make those arguments, and the parties might neglect to address intervenor-applicants' interests.

## CONCLUSION

Intervenor-applicants meet Fed. R. Civ. P. 24(a)(2)'s requirements and have established their entitlement to intervene of right in the consolidated actions. The Court GRANTS intervenor-applicants' Motion to Intervene, subject to the parties' agreed-upon conditions.

IT IS SO ORDERED.

DATED this <u>27th</u> day of <u>November</u>, 2017.

/s/ Patricia Sullivan<br>
PATRICIA SULLIVAN<br>
United States Magistrate Judge