JEAN E. WILLIAMS
United States Department of Justice
Deputy Assistant Attorney General
Environment & Natural Resources Division

SHAUN M. PETTIGREW
Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98155
Phone: (206) 526-6881
shaun.pettigrew@usdoj.gov

*Counsel for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| CENTRAL OREGON LANDWATCH, an Oregon non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SHANE JEFFRIES, in his official capacity as Ochoco National Forest Supervisor; and UNITED STATES FOREST SERVICE,<br><br>Federal Defendants,<br><br>and<br><br>OCHOCO TRAIL RIDERS, OREGON MOTORCYLE RIDERS ASSOCIATION, PACIFIC NORTHWEST 4 WHEEL DRIVE ASSOCIATION, DESCHUTES COUNTY 4 WHEELERS, and THE BLUERIBBON COALTION,<br><br>Defendant-Intervenors | Case No. 2:17-cv-1004-SU (Lead Case)<br>***Case No. 2:17-cv-1091-SU (Trailing Case)***<br>Case No. 2:17-cv-1366-SU (Trailing Case)<br><br><br><br>**DECLARATION OF SHAUN M. PETTIGREW IN SUPPORT OF FEDERAL DEFENDANTS' OPPOSITION TO CENTRAL OREGON LANDWATCH'S MOTION FOR AWARD OF COSTS OF LITIGATION, FEES, AND OTHER EXPENSES** |

I, Shaun M. Pettigrew, hereby declare as follows:

1. I am an attorney of record appearing in the above-captioned case for Federal Defendants.

2. Federal Defendants filed a notice of appeal in this matter on March 4, 2019. Plaintiff, Central Oregon LandWatch and Defendants-Intervenors also appealed. Thereafter, Federal Defendants informed the other parties that although they filed a notice of appeal, they were still in the process of deciding whether to pursue the appeal. That decision ultimately rests with the U.S. Department of Justice's Office of the Solicitor General. *See* 28 C.F.R. § 0.20(b). As a result, the parties agreed to a briefing schedule that would allow time for Federal Defendants to obtain a final decision and prevent the parties from unnecessarily spending time and resources on the appeal if Federal Defendants decided not to proceed. Federal Defendants ultimately decided not to pursue an appeal, and the parties voluntarily dismissed all of the appeals.

3. On November 6, 2019, LandWatch filed an Amended Motion for Award of Costs of Litigation, Fees, and Other Expenses and Memorandum in Support. ECF No. 137. In support of that motion, LandWatch also filed six declarations totaling 91 pages that included over 100 pages of attachments and several hundred individual billing entries. *See* ECF Nos. 138-143. Because reviewing several hundred individual billing entries in pdf format is cumbersome and difficult, Federal Defendants requested that LandWatch provide their timesheets in Excel format. LandWatch refused to do this. As a result, Federal Defendants expended time and resources converting the timesheets attached as Exhibits 2 through 4 to the Amended Declaration of Oliver J.H. Stiefel from pdf to Excel. ECF No. 138. Federal Defendants were unable to convert the timesheets attached as Exhibit 1 to the Amended Declaration of David H. Becker. ECF No. 139.

4. The exhibits to this declaration detailing the non-compensable and unreasonable hours billed by LandWatch were generated from the converted Excel timesheets.

5. Attached as Exhibit 1 is a table detailing the non-compensable time related to LandWatch's work during the administrative process. LandWatch seeks $21,804.50 in compensation for 99.4 hours of such time.

6. Attached as Exhibit 2 is a table detailing the non-compensable time related to LandWatch's requests under the Freedom of Information Act. LandWatch seeks $12,240.00 in compensation for 50.4 hours of such time.

7. Attached as Exhibit 3 is a table detailing the non-compensable time related to LandWatch's consideration of a prospective client. LandWatch seeks $1,678.50 in compensation for 4.9 hours of such time.

8. Attached as Exhibit 4 is a table detailing the non-compensable time related to Intervenors' participation in this case. LandWatch seeks $2,484.50 in compensation for 8.9 hours of such time.

9. Attached as Exhibit 5 is a table detailing the non-compensable time related to LandWatch's fees on fees work. Exhibit 5 shows that Mr. Stiefel billed $13,747.70 for 42.3 hours of fees on fees work. Also included in Exhibit 5 are the timesheets for Mr. Becker submitted at ECF No. 139-1 with the entries related to fees on fees work highlighted in yellow. LandWatch seeks $31,349.50 in compensation for 66 hours of such time. In addition, LandWatch seeks compensation for three fee declarants, all of which is for fees on fees work, totaling $15,829.50 for 31.5 hours. *See* ECF Nos. 141-143. In total, LandWatch seeks $60,926.70 for 139.8 hours for fees on fees work.

10. Attached as Exhibit 6 is a table detailing the non-compensable time related to LandWatch's time spent on administrative tasks. LandWatch seeks $3,581.50 in compensation for 27.5 hours of such time.

11. Attached as Exhibit 7 is a table detailing the unreasonable hours LandWatch spent preparing the Complaint. LandWatch seeks $34,174.00 in compensation for 126.8 hours of such time.

12. Attached as Exhibit 8 is a table detailing the unreasonable hours related to LandWatch's unsuccessful motion to supplement the administrative record. LandWatch seeks $9,941.50 in compensation for 30.5 hours of such time.

13. Attached as Exhibit 9 is a table detailing the unreasonable hours related to LandWatch's preparation of its standing declarations. LandWatch seeks $9,120.50 in compensation for 37.3 hours of such time.

14. Attached as Exhibit 10 is a table detailing the unreasonable hours expressly related to LandWatch's largely unsuccessful riparian claims. LandWatch seeks $15,847 in compensation for 49.6 hours of such time.

15. Attached as Exhibit 11 is the Oregon State Bar 2017 Economic Survey (OSB Survey).

16. Below is a table that shows the hourly rates requested by LandWatch for ten attorneys as compared to the OSB Survey rates and the rates under the Equal Access to Justice Act (EAJA).

| Attorney | EAJA Statutory[1] | Requested | Eastern Oregon Average[2] | Portland Average | Portland Seventy-Fifth Percentile |
|---|---|---|---|---|---|
| Stiefel (2013)[3] | | | | | |
| 2016 | $192.68 | $240.00 | n/a | $235.00 | $250.00 |
| 2017 | $196.79 | $310.00 | n/a | $250.00 | $300.00 |
| 2018 | $201.60 | $320.00 | n/a | $250.00 | $300.00 |
| 2019 | $204.25 | $325.00 | n/a | $250.00 | $300.00 |
| Bruden (2016) | | | | | |
| 2016 | $192.68 | $205.00 | n/a | $235.00 | $250.00 |
| 2017 | $196.79 | $225.00 | n/a | $235.00 | $250.00 |
| Bloemers (1998) | | | | | |
| 2017 | $192.68 | $455.00 | n/a | $325.00 | $400.00 |
| Becker (2000) | | | | | |

---

[1] *Statutory Maximum Rates under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (noting adjusted statutory maximum rates in the Ninth Circuit).

[2] The Pendleton and Portland average rates reflect the median hourly rates in table 36 of the OSB Survey.

[3] The parenthetical identifies the year of law school graduation.

*Pettigrew Decl.* 3

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  | 2018 | $201.60 | $465.00 | n/a | $325.00 | $400.00 |
|  | 2019 | $204.25 | $475.00 | n/a | $325.00 | $400.00 |
| Winter (1998) |  |  |  |  |  |  |
|  | 2018 | $201.60 | $475.00 | n/a | $325.00 | $400.00 |
| Johnson (2007) |  |  |  |  |  |  |
|  | 2018 | $201.60 | $365.00 | n/a | $300.00 | $340.00 |
| Fahey (2013) |  |  |  |  |  |  |
|  | 2018 | $201.60 | $320.00 | n/a | $250.00 | $300.00 |
| Buchele (1986) |  |  |  |  |  |  |
|  | 2019 | $204.25 | $540.00 | $250.00 | $425.00 | $475.00 |
| Lacy (2001) |  |  |  |  |  |  |
|  | 2019 | $204.25 | $455.00 | n/a | $325.00 | $400.00 |
| Parent (1992) |  |  |  |  |  |  |
|  | 2019 | $204.25 | $520.00 | $250.00 | $415.00 | $475.00 |

17. The below table identifies the basis for the lodestar calculation. The second column identifies the hours claimed by LandWatch but excludes the non-compensable hours set forth in paragraphs five through ten above. The third column identifies the reasonable hourly rates. Multiplying the two columns together provides the applicable lodestar from which an additional percentage deduction should apply to account for LandWatch's unreasonable hours.

| **Attorney** | **Hours** | **Hourly Rate** | **Lodestar** |
|---|---|---|---|
| Stiefel |  |  |  |
| 2016 | 4.1 | $205.00 | $840.50 |
| 2017 | 156.5 | $205.00 | $32,082.50 |
| 2018 | 275 | $205.00 | $56,375.00 |
| 2019 | 6.2 | $205.00 | $1,271.00 |
| Bruden |  |  |  |
| 2016 | 37.7 | $192.68 | $7,264.04 |
| 2017 | 127.3 | $196.79 | $25,051.37 |
| Winter |  |  |  |
| 2018 | 20.8 | $250.00 | $5,200.00 |
| Becker |  |  |  |
| 2018 | 5.5 | $201.60 | $1,108.80 |
| 2019 | 8 | $204.25 | $1,634.00 |
| Bloemers |  |  |  |
| 2017 | 2.8 | $196.79 | $551.01 |
| Fahey |  |  |  |
| 2018 | 10.4 | $201.60 | $2,096.64 |
| Johnson |  |  |  |

*Pettigrew Decl.* 4

|  | 2018 | 2.6 | $201.60 | $524.16 |
| --- | --- | --- | --- | --- |
| Paralegal |  | 42 | $125.00 | $5,250.00 |
| **Total** |  | 698.9 |  | $139,249.02 |

18. A ten percent reduction from the $139,249.02 lodestar equals $125,324.12. With $1,233.73 in costs added, the total is $126,557.85.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 20th day of December 2019, in Seattle, WA.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Shaun M. Pettigrew*
SHAUN M. PETTIGREW
Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
Phone: (206) 526-6881
shaun.pettigrew@usdoj.gov

TAYLOR FERRELL
Natural Resources Section
BRIENA L. STRIPPOLI
Wildlife and Marine Resources Section
4 Constitution Square
150 M Street NE
Washington, D.C. 20001
(202) 305-0874 (Ferrell)
(202) 305-0339 (Strippoli)
taylor.ferrell@usdoj.gov
briena.strippoli@usdoj.gov

*Counsel for Federal Defendants*